UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SPIRIT SPE PORTFOLIO 2007-1 LLC, ) | CASE NO.  5:14CV929 |
| ) | |
| APPELLANT, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | OPINION AND ORDER |
| ) | |
| CHRISTOPHER PAXOS, ) | |
| ) | |
| APPELLEE. ) | |

Before the Court are the following motions: (1) appellant's motion for an extension of time in which to file an appellate brief (Doc. No. 5 ["Mot. Ex."]), appellee's motion to dismiss and brief in opposition to appellant's motion for an extension of time (Doc. No. 6 ["Mot. Dis."]), and appellant's motion to strike (Doc. No. 10 ["Mot. Str."]). Appellant has filed an opposition to appellee's motion to dismiss (Doc. No. 8 ["Opp."]), and appellee has filed a reply (Doc. No. 9 ["Reply"]). Appellee has also filed an opposition to appellant's motion to strike (Doc. No. 11 ["Mot. Str. Opp."]). All motions are fully briefed and ripe for resolution.

I. **BACKGROUND**

This is a bankruptcy appeal from an Order, entered March 19, 2014 by United States Bankruptcy Judge Russ Kendig, granting appellee Christopher Paxos summary dismissal of appellant Spirit SPE Portfolio 2007-1 LLC's action in bankruptcy. (Doc. No. 1 at 1 ["Notice"]; Doc. No. 1-1 ["Mem. Op"].) On August 13, 2012, appellant

filed an adversarial complaint, seeking a declaration that a judgment it holds against appellee is nondischargable under 11 U.S.C. §§ 523(a)(2) and (4). It was appellant's position that the judgment was the "result of [appellee's] fraud and should be excepted from discharge." (Mem. Op. at 5.)[1] In a Memorandum Opinion accompanying the aforementioned Order, the bankruptcy judge ruled that appellee was entitled to summary dismissal of the adversarial complaint because appellant had failed to timely respond to appellee's request for admissions and the admissions were, therefore, deemed admitted.[2] In so ruling, the bankruptcy court recounted in detail appellant's six month history of discovery delays and missed discovery deadlines. (*Id*. at 5-6.) Having failed to obtain relief from the bankruptcy court, appellant filed the instant appeal on April 29, 2014. This Court has jurisdiction to hear the appeal under 28 U.S.C. §§ 157(b)(1) and 158(a)(1).

On April 30, 2014, the Court issued an initial standing order, setting forth dates and deadlines that would govern the appeal. (Doc. No. 4 "[Standing Order"].) Specifically, the Court directed appellant to file its brief within 14 days (May 14, 2014), and afforded appellee leave to file his brief within 14 days from the filing of appellant's brief. (*Id*. at 41-2.) Three days after the expiration of the deadline for filing its appellate brief, on May 17, 2014 (a Saturday), appellant moved for an extension of time until May 31, 2014 (also a Saturday) to file its brief, citing counsel's busy schedule and the

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] According to the bankruptcy court's opinion, the admissions were served on August 7, 2013. When appellant failed to timely respond, appellee moved for summary judgment. At a pretrial conference held on November 6, 2013, the bankruptcy judge ordered appellant to respond to appellee's request for admissions by December 6, 2013, and appellee agreed to withdraw his summary judgment motion. Appellant did not file its response until December 10, 2014, and only after appellee filed a renewed motion for summary judgment. (Doc. No. 1-1 at 5.) The admissions were six months late.

2

demands from counsel's part-time position as an assistant law director for the City of Rocky River, Ohio. (Mot. Ex. at 47.) The motion made no mention of the fact that it was untimely filed, nor offered any reason for the delay in seeking relief from the Court's Standing Order.

On May 19, 2014, appellee moved to dismiss the present appeal for failure to prosecute. In his motion, appellee noted that appellant had failed to submit an appellate brief as required by the Court's Standing Order and Fed. R. Bankr. P. 8009. Appellee also requested that appellant's untimely motion for an extension of time be denied. In a non-document order, dated May 20, 2014, the Court granted appellant leave until June 3, 2014 to respond to appellee's motion to dismiss.

Appellant did not file a response to the motion by June 3, 2014. Instead, at 11:55 PM on June 3, 2014, appellant filed its merits brief. (Doc. No. 7 ["App. Br."].) The merits brief was filed without leave and before the Court had an opportunity to rule on the motion for an extension of time. Moreover, the brief was filed three days beyond the May 31, 2014 date appellant had identified in its motion for an extension of time. (*See* Mot. Ex.) In its brief, appellant did not take issue with the bankruptcy court's recitation of the many delays caused by appellant's failure to timely prosecute its adversarial action, and merely referred to the bankruptcy court's grant of summary judgment as resting on a "technical failure" by appellant to timely respond to the request for admissions. (App. Br. at 63.)

At 12:01 AM on June 4, 2014, appellant filed its opposition to appellee's motion to dismiss. The totality of its argument in opposition was contained in a single

3

sentence: "Plaintiff incorporates by reference the contents of its merits brief filed simultaneously with this brief in opposition as Plaintiff's basis for this Court's overruling the motion to dismiss." (Opp. at 77.) On June 6, 2014, appellee filed his reply in support of dismissal. The reply noted that the opposition brief was filed a day late, and requested that the Court strike appellant's reference in its brief to alleged unethical dealings by the bankruptcy court. (*Id*. at 79.)

## II. APPELLANT'S MOTION TO STRIKE

Before the Court can reach the merits of appellee's dispositive motion, it must address appellant's motion to strike. By this motion, appellant seeks to strike appellee's suggestion that appellant's opposition brief was untimely and the allegation that appellant is attacking the "integrity and character of the bankruptcy judge." (Mot. Str. at 83.)

The Court has reviewed appellant's merits brief, which is, at best, an inarticulate string of rants directed at appellee, his attorneys, and the bankruptcy court. At worst, the allegations against the bankruptcy court—allegations that the court pointedly ignored appellee's alleged fraud and discharged a fraudulent debt—could reasonably be interpreted as casting aspersions upon the integrity of the bankruptcy court. Nonetheless, neither appellant's attacks upon the bankruptcy court, nor appellee's characterization of those attacks in his own reply brief, have any bearing on this Court's resolution of appellee's motion to dismiss the appeal. This portion of appellant's motion to strike is denied as moot.

As for the reference to the appellant's opposition brief, the Court finds that appellee correctly observed that the brief was untimely. Since 1996, this Court has required attorneys to file documents with the Court electronically through its Case Management/Electronic Cases Files ("CM/ECF") system. Rule 6 of the Federal Rules of Civil Procedure provides that, "[u]nless a different time is set by a statute, local rule, or court order, the 'last day' [of a court deadline] ends: (A) for electronic filing, at midnight in the court's time zone[.]" Fed. R. Civ. P. 6(a)(4)(A). Similarly, the Court's local rules clearly warn that:

> Filing documents electronically does not alter any filing deadlines. All electronic transmissions of documents must be *completed (i.e., received completely by the Clerk's Office)* prior to midnight in order to be considered timely filed that day. Although parties can file documents electronically 24 hours a day, attorneys and parties are strongly encouraged to file all documents during normal working hours of the Clerk's Office (8:00 a.m. to 4:45 p.m.) when assistance is available.

L.R. Appendix B(10) (emphasis added). According to both the federal civil rules and this Court's local rules, appellant's opposition—filed at 12:01 on June 4, 2014—was late, albeit one minute late. Appellant complains that its opposition brief was only late because counsel chose to file the merits brief first, however, counsel clearly did not afford sufficient time to ensure that the opposition brief would be timely. *See Mittman v. Casey (In re Casey)*, 329 B.R. 43, 46 (Bankr. S.D. Ohio 2005) (rejecting the argument that a bankruptcy complaint was timely where the litigant *began* the electronic filing process prior to midnight but the filing was not *completed* until after midnight); *see also Zabivnik v. Hannen (In re Hannen)*, 383 B.R. 683, 687 (Bankr. N.D. Ohio 2008) (rejecting counsel's excuse that a bankruptcy brief was late because of unfamiliarity with electronic

5

docketing system). While appellant's opposition brief was obviously not egregiously late, the tardiness of the filing is indicative of a larger problem—appellant's complete indifference to the procedural rules governing bankruptcy and the overall judicial process, which will be discussed more fully below. Finding no reason to strike any part of appellee's reply, however, appellant's motion is denied.

III. **APPELLEE'S MOTION TO DISMISS**

Appellee seeks dismissal of the present bankruptcy appeal for failure to prosecute. "Federal Rule of Bankruptcy Procedure 8001(a) grants the district court authority to dismiss appeals for non-prosecution." *Sharwell v. Baumgart (In re Sharwell)*, 129 F.3d 1265, at *1 (6th Cir. Oct. 30, 1997) (table decision) (citation omitted). Rule 8009(a), in turn, provides, "Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of the briefs or specifies different time limits, [t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." However, the Sixth Circuit "adheres to the admonition that a late filing does not justify dismissal of the appeal absent a showing of bad faith, negligence, or indifference." *Arnold v. G.E. Capital Auto Lease, Inc.*, 63 F. App'x 188, 189 (6th Cir. 2003) (quotation marks and citation omitted); *Mitan v. Buscemi's Int'l, Inc. (In re Buscemi's Int'l, Inc.)*, 64 F. App'x 910, 911 (6th Cir. 2003) (citing *Third Nat'l Bank v. Winner Corp. (In re Winner Corp.)*, 632 F.2d 658, 660-61 (6th Cir. 1980)).

The decision to dismiss a bankruptcy appeal as a sanction for failing to timely comply with governing procedural rules is left to the discretion of the district court. *See Barclay v. U.S. Trustee*, 106 F. App'x 293, 294 (6th Cir. 2004) (citation

6

omitted); *In re Buscemi's Int'l*, 64 F. App'x at 911. A district court abuses its discretion only when it "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993) (citation omitted).

Courts have found the presence of bad faith, negligence, or indifference where a litigant has demonstrated a "persistent neglect of or indifference toward the procedural rules involved in a bankruptcy proceeding." *Kloian v. Simon* (*In re Kloian*), 137 F. App'x 780, 783 (6th Cir. 2005) (quoting, with favor, the district court's justification for the dismissal of a bankruptcy appeal where the debtor had missed several procedural deadlines); *see, e.g., Creditors Servs. Corp. v. Cooley (In re Creditors Servs. Corp.)*, 182 F.3d 916, at *2 (6th Cir. 1999) (table decision) (affirming dismissal of bankruptcy appeal for untimely filings on "multiple occasions"); *In re Sharwell*, 129 F.3d 1265, at *1 (appellant's "complete failure to file a designation of the record and statement of the issues and his filing of his brief six months late showed at least negligence, if not complete indifference"); *Jusczak v. Charter One Bank, N.A.*, No. 1:04CV659, 2005 WL 1126744, at *2 (N.D. Ohio April 20, 2005) (dismissing bankruptcy appeal because appellant had "not abided by at least two provisions" of the bankruptcy procedural rules).

The record reveals that appellant has missed at least two (and arguably more) deadlines on appeal. As previously stated, appellant's merits brief was untimely as it was filed more than 14 days after the entry of the appeal and beyond the date set by the Court for filing, and its request for additional time was filed after the deadline set by the Court for filing the merits brief had passed. Moreover, it was filed without leave of Court,

and before the Court could address the motion for an extension. Appellant's opposition to appellee's motion to dismiss was also filed beyond the date set by the Court for a response. Additionally, appellant's merits brief was filed outside of the time appellant, itself, had requested for leave. Considered in isolation, each infraction might not have been sufficient to support the dismissal of this bankruptcy appeal. When considered together, however, they demonstrate a clear pattern of neglect and indifference to the administration of this bankruptcy appeal. Appellant's cavalier treatment of this Court's deadlines is especially troubling given the fact that its bankruptcy complaint was dismissed, in the first instance, because appellant failed to honor its obligation to meet discovery deadlines.

Appellant's neglect and/or indifference is even more egregious when its record before the bankruptcy court is considered, and this consideration only serves to reinforce the Court's conclusion that appellant is entirely indifferent to its litigation obligations. *See In re Kloian*, 137 F. App'x at 783 (approving of the district court's consideration of debtor's record before the bankruptcy court of "persistently neglect[ing] to produce records and to adequately prepare for and participate in hearings" in dismissing appeal); *see generally Halbert v. Yousif (In re Yousif)*, 201 F.3d 774, 778 (6th Cir. 2000) ("Because the bankruptcy court serves as an 'adjunct' to the district court, [the Sixth Circuit] view[s] all the proceedings in this action, whether in the Bankruptcy Court or the District Court as one proceeding in bankruptcy.") (quotation marks and citation omitted). The bankruptcy judge detailed multiple instances when appellant failed to comply with discovery deadlines or failed to file timely responses to motions. Appellant

did not take issue with these factual findings, merely referring to its many lapses as "technical" violations of the bankruptcy rules and the bankruptcy judge's orders. Given this attitude, it is, therefore, not surprising that appellant has continued its practice of neglect before this Court.

Under these circumstances, the Court finds that this appeal is subject to dismissal for lack of prosecution in accordance with the Bankruptcy Rules.

Proceeding to the merits, the Court readily concludes that the bankruptcy court's factual finding that appellant had failed to timely respond to appellee's request for admissions was not clearly erroneous. Likewise,  a *de novo* review of the record reveals that the bankruptcy court's legal conclusion that the delay had rendered the admissions admitted entitling appellee to summary judgment was not reached in error. *See generally In re Dow Corning Corp.*, 255 B.R. 445, 463-64 (E.D. Mich. 2000) (A bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, while its conclusions of law are reviewed *de novo*.).

Appellant offers no excuse for its failure to timely answer the request for admissions. Instead, appellant's attack upon the bankruptcy court's summary dismissal rests exclusively upon the legal principle that there is a preference in the law in favor of resolving matters on the merits. (App. Br. at 71 [collecting cases].) The Court agrees that our judicial system reflects "a strong presumption in favor of adjudication on the merits[.]" *Smith v. Bankr. Estate of Veronica Nelson* (*In re Nelson)*, No. 05-60062, 2005 WL 2033537, at *2 (E.D. Mich. Aug. 22, 2005) (quotation marks and citation omitted). However, the general public policy favoring adjudication on the merits cannot serve to

9

excuse a party's failure to adhere to the rules of court, nor can it rescue a litigant from the consequences of its actions or inactions. *See Lyons v. Colvin*, No. SACV 12-125-AGR, 2013 WL 1164783, at *2 (C.D. Cal. Mar. 20, 2013).

For example, and relevant to the present appeal, "[i]t is well established that a failure to respond to a request to admit will permit a court to enter summary judgment if the facts deemed admitted are dispositive." *Lucas v. Higher Educ. Assistance Found.* (*In re Lucas*), 124 B.R. 57, 58 (Bankr. N.D. Ohio 1991) (citations omitted). Of course, "a court is not *required* to do so. It is within the court's discretion to allow untimely answers to requests for admissions, when such an amendment will not prejudice the other party." *Id.* (citations omitted, emphasis added). Here, the bankruptcy court generously agreed to grant appellant leave to submit its answer to the requests for admissions, even though those answers would have been untimely. It was only after appellant missed the revised deadline that the bankruptcy court deemed the facts admitted. Under these circumstances, the bankruptcy court did not abuse its discretion when it concluded under Fed. R. Civ. P. 36 that appellee established, by way of admitted answers, that he did not "possess the requisite intent for the underlying causes of action seeking nondischarageability." (Mem. Op. at 11.) While the Court need not reach this issue, the fact that appellee was entitled to summary judgment represents an alternative basis for the Court to enter judgment on appeal in favor of appellee.

### IV. CONCLUSION

For all of the foregoing reasons, the Court hereby grants appellee's motion to dismiss and dismisses appellant's appeal with prejudice.

**IT IS SO ORDERED**.

Dated: October 9, 2014

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**